UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>    Plaintiff,<br><br>v.<br><br>L. L. JORDAN, et al.,<br><br>    Defendants. | Case No. 18-cv-02365-YGR (PR)<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING MOTION TO DISQULIFY UNDERSIGNED JUDGE; AND DIRECTING PLAINTIFF TO RESPOND TO ORDER TO SHOW CAUSE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 13, 2018, the Court reviewed Plaintiff's complaint and ordered him to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 6. The Court stated as follows:

> Plaintiff has indicated that, at the time he filed his complaint, the response to his appeal [at] the third formal level was "never returned back to [him]." Dkt. 1 at 2.[1] It appears that his claims were unexhausted at the time he filed this action. Thus, it is unlikely that Plaintiff can proceed with this action because failed to fully exhaust his claims prior to filing this action. Nor can Plaintiff proceed with this case if he exhausts his claim after the filing of this action. Furthermore, Plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. *Cf. Booth[ v. Churner]*, 532 U.S. [731,] 741 n.6 [(2001)] (courts should not read "futility or other exceptions" into section 1997e(a)).

*Id.* at 1-2 (footnote in original and brackets added). The Court further directed Plaintiff to respond to the Order to Show Cause, stating as follows:

> . . . Plaintiff will be provided an opportunity to demonstrate that he has properly exhausted his claims rather than have the Court allow this case to proceed and Plaintiff perhaps miss his opportunity to properly exhaust and pursue this action. Plaintiff shall show cause within **twenty-eight (28) days** why this case should not be dismissed without prejudice for failure to exhaust. Specifically, to avoid dismissal, Plaintiff needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with

---
[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

> PLRA's exhaustion requirement. *See e.g., . Ross[ v. Blake]*, [__ U.S. __,] 136 S. Ct. [1850,] 1856-58 [(2016)].

*Id.* at 2 (brackets added).

Plaintiff's response to the Court's Order was due on December 11, 2018. That deadline has passed, and Plaintiff has not filed a response. Instead, Plaintiff is seeking reconsideration of the Court's November 13, 2018 Order. *See* Dkt. 7. In Plaintiff's motion entitled, "Motion for Reconsideration After Motion for Disqualification of Judge," he challenges the Court's decision to issue an Order to Show Cause instead of issuing a dismissal with leave to amend. *Id.* at 1. Plaintiff claims that he "could prove [he] exhausted [his] administrative remedies." *Id.* However, he does not support this statement with any further explanation. *See id.*

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

At the outset, the Court notes that Plaintiff, by failing to seek leave of court before filing his motion for reconsideration, has not complied with the Local Rules of this district, and, on that basis alone, the motion (dkt. 7) is DENIED. *See Tri-Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). The fact that Plaintiff is proceeding *pro se* does not excuse his non-compliance with the procedural rules of this Court. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Next, even if the Court construes Plaintiff's motion as one seeking leave to file a motion for reconsideration, his motion fails to make the showing required under Civil Local Rule 7-9 or otherwise to show good cause for reconsideration. Furthermore, it seems that Plaintiff merely

disagrees with the Court's decision to issue the November 13, 2018 Order to Show Cause, which is not a reason to warrant reconsideration. While Plaintiff claims in a conclusory manner that he "could prove with one hundred percent sureness and effectiveness that [he] exhausted his administrative remedies," dkt. 7 at 1, he has not specifically elaborated on whether he can show that he exhausted his administrative remedies *prior to* filing his complaint, *see* 42 U.S.C. § 1997e(a) (prisoner must exhaust his administrative remedies for constitutional claims prior to asserting them in civil rights complaint). As such, even if Plaintiff's aforementioned statement means that he exhausted his claims *after* bringing it before the Court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.") When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d, 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). In the instant action, the Court determined that Plaintiff had not exhausted his administrative remedies on his claims because he had indicated that, at the time he filed his complaint, the response to his appeal at the third formal level was "never returned back to [him]." Dkt. 1 at 2. Instead of dismissing Plaintiff's complaint, the Court allowed Plaintiff to have an opportunity to show that he exhausted his administrative remedies *prior to* filing suit, which he has still not done and thus this action could be dismissed without prejudice.

In sum, Plaintiff has not articulated any substantive reason why the Court should reconsider its November 13, 2018 Order to Show Cause. Accordingly, Plaintiff's request to file the above-referenced motion for reconsideration (dkt. 7) is hereby DENIED for the reason that Plaintiff fails to identify a cognizable basis for reconsideration. *See* Civil L.R. 7-9(b). At this time, and again in lieu of dismissing this action for failure to exhaust administrative remedies, Plaintiff will be provided one **final** opportunity to show cause within **twenty-eight (28) days**, why this case should not be dismissed without prejudice for failure to exhaust, as directed below.

3

Finally, it seems that the title of the instant motion also indicates that Plaintiff requests to disqualify the undersigned judge. Dkt. 7. However, other than Plaintiff's disagreement with the Court's decision to issue an Order to Show Cause instead of an Order of Dismissal With Leave to Amend, Plaintiff presents no other reason as to why disqualification is warranted.

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Here, Plaintiff's recusal request does not meet the legal sufficiency requirement of section 144. Even if Plaintiff's aforementioned allegations could be construed as those of bias, such allegations are conclusory and do not allege an extrajudicial basis for the alleged bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). For similar reasons, the motion is insufficient to show bias under section 455. It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal). Accordingly, Plaintiff's request for the undersigned judge to recuse herself is DENIED. Dkt. 7.

4

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court DENIES Plaintiff's motion entitled, "Motion for Reconsideration After Motion for Disqualification of Judge," which has been construed in part as a motion seeking leave of court to file a motion for reconsideration under Civil Local Rule 7-9. Dkt. 7.

2. The Court DENIES Plaintiff's request for the undersigned judge to recuse herself. Dkt. 7.

3. As explained above, Plaintiff has been given a **final** opportunity to show cause within **twenty-eight (28) days**, why this case should not be dismissed without prejudice for failure to exhaust. Specifically, to avoid dismissal, Plaintiff must specifically explain whether he exhausted his administrative remedies *prior to* filing his complaint. If Plaintiff is unable to do so, then he needs to provide proof that extraordinary circumstances existed in order to excuse him from complying with PLRA's exhaustion requirement. *See e.g., Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (identifying "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief.") **Failure to reply will result in dismissal without prejudice with no further warnings.**

4. This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: July 23, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge