UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br>Plaintiff,<br>v.<br>L. L. JORDAN, et al.,<br>Defendants. | Case No. 18-cv-02365-YGR (PR)<br><br>**ORDER OF DISMISSAL** |

## I. INTRODUCTION

Plaintiff, a California state prisoner proceeding *pro se*, filed a federal civil rights complaint. Plaintiff has been granted leave to proceed *in forma pauperis*. For the reasons stated below, the court dismisses the complaint for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. Standard of review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

### B. Analysis

On November 8, 2016, the California voters approved The Public Safety and Rehabilitation Act of 2016 – Proposition ("Prop") 57 – and it took effect the next day. *People v.*

*Marquez*, 11 Cal. App. 5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). As relevant to this case, Proposition 57 removes the prosecuting officer's discretion to initiate prosecutions against minors directly in a court of criminal jurisdiction and instead requires the prosecutor to file a motion to transfer the minor from juvenile court. *See People v. Superior Court (Lara)*, 4 Cal. 5th 299, 303 (2018). Specifically, Proposition 57 amended Section 707(a)(1), of the California Welfare and Institutions Code, which now provides as follows:

> (a)(1) In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any offense listed in subdivision (b) or any other felony criminal statute, the district attorney or other appropriate prosecuting officer may make a motion to transfer the minor from juvenile court to a court of criminal jurisdiction. The motion shall be made prior to the attachment of jeopardy. Upon the motion, the juvenile court shall order the probation officer to submit a report on the behavioral patterns and social history of the minor. The report shall include any written or oral statement offered by the victim pursuant to Section 656.2.

Cal. Wel. & Inst. Code § 707(a)(1).

Here, Plaintiff claims that "the section of Prop 57 [he] qualif[ies] for is the Juvenile Act." Dkt. 1 at 4. The record shows that he was received at the California Department of Corrections and Rehabilitation at the age of 19 on November 21, 2008. Dkt. 1-3 at 1. He received a total term of thirteen years and four months for Battery on Emergency Personnel and Second Degree Robbery. *Id.*

Plaintiff argues that Proposition 57 should be applied retroactively, and he claims as follows:

> if no prosecutor's motion was granted stipulating that the minor was unfit for juvenile court, then any adult court conviction of the minor is illegal and they have to be released. Seeing I [ ]qualify for this I was waiting to be released at any moment[']s notice . . . .

Dkt. 1 at 4. The record shows that Plaintiff's 602 inmate appeal requesting to be released under the juvenile act pursuant to Prop 57 was denied, and according to the record it was denied at the first level of appeal as follows:

> Under Prop 57 juvenile court judges can make [a] determination, upon [the] prosecutor['s] motion, whether juveniles age 14 and older should be prosecuted and sentenced as adults for specified offenses. This consideration will not be retroactive but shall commence on May 1, 2017. Therefore, you are excluded from this portion of the Prop 57

2

process.

Dkt. 1-3 at 1. On April 13, 2018, the 602 appeal was denied at the third level of review. Dkt. 9 at 3. In *People v. Superior Court (Lara)*, the California Supreme Court held that the transfer hearing required by Proposition 57 applies only to juveniles charged directly in adult court whose judgment was ***not final*** at the time Proposition 57 was enacted. *See* 4 Cal. 5th at 303-04 (emphasis added). It thus seems that pursuant to *Lara*, the CDCR determined that Proposition 57 does not apply retroactively to Plaintiff, whose 2008 judgment was final before Proposition 57 was enacted.

In essence, in Plaintiff's complaint, he alleges that he is serving an "illegal" sentence and that the CDCR's interpretation of Prop 57 violates the California Constitution because "everything consisting of Prop 57 is retroactive" and he "remain[s] kidnapped and false[ly] imprisoned in state prison." Dkt. 1 at 4.

Plaintiff's claim must be dismissed. Section 1983 provides a remedy only for violation of the U.S. Constitution or law or treaties of the United States, not state law. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). State courts "are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Plaintiff has not suggested that his exclusion from consideration under Prop 57 violates the U.S. Constitution or federal law.

For this reason, Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: March 4, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

3